IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN OROZCO | 1:09-cv-02151-DLB (PC) |
| Plaintiff, | ORDER DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO OBEY A COURT ORDER |
| vs. | |
| VALENCIA, et al. | |
| Defendants. | |
| _____/ | |

On December 15, 2009 , the court issued an order to submit an application to Proceed In Forma Pauperis, within thirty (45) Forty-five days. The forty-five (45)-day period has now expired, and plaintiff has not filed a filed an application to proceed in forma pauperis or otherwise responded to the court's order.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th

-1-

1   Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute
2   an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v.
3   Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v.
4   Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order
5   requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir.
6   1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court
7   apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal
8   for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir.
9   1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

10          In determining whether to dismiss an action for lack of prosecution, failure to obey a
11  court order, or failure to comply with local rules, the court must consider several factors: (1) the
12  public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;
13  (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on
14  their merits; and (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831;
15  Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali,
16  46 F.3d at 53.

17          In the instant case, the court finds that the public's interest in expeditiously resolving this
18  litigation and the court's interest in managing the docket weigh in favor of dismissal.  The third
19  factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of
20  injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v.
21  Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring
22  disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal
23  discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order
24  will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik v.
25  Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The court's
26  order expressly stated: "Failure to comply with this order will result in a recommendation that

1 this action be dismissed."  Thus, plaintiff had adequate warning that dismissal would result from
2 his noncompliance with the court's order.
3     Accordingly, the court HEREBY ORDERS that this action be dismissed, without
4 prejudice to refiling, based on plaintiff's failure to obey the court's order of December 15, 2009.
5    IT IS SO ORDERED.
6    **Dated:   February 8, 2010**                   **/s/ Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE